FILED

JUL 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50133 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01723-JLS-1 |
| v. | |
| BARRIE DEMPSEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted July 14, 2010[**]
Pasadena, California

Before: FARRIS, HALL, and SILVERMAN, Circuit Judges.

Barrie Dempsey appeals his conviction, after a two-day jury trial, of one

count of bringing an illegal alien into the country without presentation in violation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1324(a)(2)(B)(iii).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Dempsey contends that the district court erred in denying his motion for a new trial, which was based on a claim that the government failed to disclose material impeachment evidence and knowingly solicited false testimony from a witness.  *See Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264, 269-71 (1959).  Dempsey produced evidence that a material witness, the smuggled alien, believed that the government had threatened to prosecute her if she refused to testify at Dempsey's trial.  The government introduced no admissible evidence in response, but argued that before trial it had disabused the witness of her misimpression that she would be prosecuted unless she testified.  The witness ultimately testified at trial that the government had not promised whether or not to prosecute her in relation to her testimony.

We may not accept the government's unsubstantiated version of the events. Nevertheless, even taking the evidence in the light most favorable to Dempsey, the allegedly suppressed evidence is not material because there is not a reasonable probability that the result of the trial would have been different had Dempsey been able to impeach the government's witness with evidence of bias.  *See Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) ("'[A] reasonable probability of a

different result [exists] when the government's evidentiary suppression undermines confidence in the outcome of the trial.'" (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (second alteration in original))).

Dempsey struggles to identify any conflict between his own testimony and that of the material witness. In fact, at trial, Dempsey embraced the witness's testimony, arguing that it was "crucial" to showing his innocence. He now argues that the government used the witness to discredit his testimony that he did not know that there was an alien in the car's hidden compartment. However, there was overwhelming evidence that Dempsey did know that there was an alien in the compartment. After being arrested, Dempsey admitted that he knew what the compartment was for, that he was offered a reduced fee to drive the car with a girl in the compartment, that he had seen the smugglers attempt to fit several girls into the compartment, and that he did, in fact, believe that there was an alien in the compartment at the time he drove away toward the border. A videotape of those admissions was played at trial.

Any conflict between Dempsey's testimony and that of the material witness pales in comparison to Dempsey's admissions, so there is not a reasonable probability that Dempsey's ability to impeach the witness would have changed the outcome of the trial. *See Strickler v. Greene*, 527 U.S. 263, 294 (1999) (holding

-3-

that undisclosed impeachment evidence was not material where the "record provide[d] strong support for the conclusion that petitioner would have been convicted of capital murder and sentenced to death, even if [a witness] had been severely impeached."). Dempsey's claim that the government knowingly solicited false testimony fails for the same reason. *See Hall v. Director of Corrections*, 343 F.3d 976, 983-84 (9th Cir. 2003) (per curiam).

Dempsey further argues that the district court committed plain error by allowing the prosecutor to use an "I submit" statement during her closing argument. That argument fails both because we have approved the type of statement used by the prosecutor, *see United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993), and because Dempsey has not established a reasonable probability that the jury would have acquitted him if the prosecutor had not been allowed to argue as she did, *see United States v. Sine*, 493 F.3d 1021, 1041 (9th Cir. 2007).

AFFIRMED.